1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES J. QUINTANA,<br><br>     Plaintiff,<br><br>  v.<br><br>QUEST DIAGNOSTICS INC.,<br><br><br>     Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:12cv00824 LJO DLB


ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

   Plaintiff Charles J. Quintana ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on May 18, 2012.  He names Quest Diagnostics Inc. as Defendant.

**DISCUSSION**

A. <u>Screening Standard</u>

   Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

On April 13, 2011, Plaintiff filed a complaint with the Labor Commissioner's office in Fresno, California.  The complaint "was lost and . . . resurface[d] in Sacramento" in September.

On May 18, 2011, Defendant Quest Diagnostics, Inc. fired Plaintiff for "no longer meeting the company's expectations."

On March 30, 2012, Plaintiff filed a complaint with the Labor Commissioner regarding unsafe and unlawful working conditions.  To date, no action has been taken on his behalf.

Plaintiff asks the Court to "decide the issue."

C.    Analysis

Deficiencies of the Complaint

1.    Federal Rule of Civil Procedure 8

As a threshold issue, Plaintiff's complaint fails to satisfy Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000).

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." Yamaguchi v. United States Dep't of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997).  A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  A complaint does not suffice "if it tenders 'naked

1  assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 129

2  S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).

3      The instant complaint consists of a two-paragraph narrative, but does not provide a plain

4  and succinct statement of Plaintiff's claims or the relief he seeks.  In particular, Plaintiff alleges

5  that he filed one or more complaints with the Labor Commissioner, one of which related to

6  unsafe and unlawful working conditions, and that he was fired by Defendant Quest Diagnostics,

7  Inc. for "no longer meeting the company's expectations."  Doc. 1, p. 1.  However, Plaintiff fails

8  to state if, or how, these events are related and what cause of action or claim he is pursuing

9  against Defendant Quest Diagnostics, Inc.  It also is unclear if Plaintiff is attempting to pursue a

10  cause of action against the Labor Commissioner for failure to take action.  In sum, the complaint

11  lacks specific, clearly defined facts or valid, cognizable legal theories.  Plaintiff will be given an

12  opportunity to amend his complaint to comply with Rule 8.

13          2.    Jurisdiction

14       Plaintiff fails to allege any basis for this court's jurisdiction.  Fed. R. Civ. P. 8(a)(1)

15  (plaintiff must provide "a short and plain statement of the grounds for the court's jurisdiction").

16  Federal courts are courts of limited jurisdiction.  Congress has conferred subject matter

17  jurisdiction on this Court for cases involving a federal question ("federal question jurisdiction")

18  and for cases between citizens of different states ("diversity jurisdiction").

19          a.    Federal Question Jurisdiction

20      The district court has "original jurisdiction of all civil actions arising under the

21  Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The presence or absence

22  of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides

23  that federal jurisdiction exists only when a federal question is presented on the face of the

24  plaintiff's properly pleaded complaint.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107

25  S.Ct. 2425, 96 L.Ed.2d 318 (1987).  Specifically, district courts have jurisdiction to hear "[o]nly

26  those cases in which a well-pleaded complaint establishes either that [1] federal law creates the

27  cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a

28  substantial question of federal law."  Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55

(9th Cir. 2009) (citations omitted).  Plaintiff's complaint does not establish that federal law

creates a cause action or that his right to relief depends on resolution of a substantial question of

federal law.  Plaintiff does not allege a claim under any law of the United States or under any

constitutional provision to establish federal question jurisdiction.

                **b.**      Diversity Jurisdiction

        Diversity jurisdiction requires that the parties be citizens of different states and the

amount in controversy exceed $75,000.  28 U.S.C. § 1332.  A corporation is deemed to be a

citizen of its state of incorporation and the state where it has its principal place of business.  28

U.S.C. § 1332(c)(1).  "The essential elements of diversity jurisdiction, including the diverse

residence of all parties, must be affirmatively alleged in the pleadings."  Bautista v. Pan Am.

World Airlines, Inc., 828 F.2d 546, 552 (9th Cir.1987).  Plaintiff does not allege the citizenship

of any party or affirmatively allege that the amount in controversy exceeds $75,000.

Accordingly, he has not established diversity jurisdiction.

              **3.**      <u>Labor Commissioner's Immunity From Suit for Damages</u>

        To the extent Plaintiff is attempting to sue the Labor Commissioner for damages, he may

not do so.  The Eleventh Amendment provides that the power of the federal judiciary "shall not

be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.

Const. Amend. XI. This immunity extends to suits brought against a state by its own citizens.

<u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100, 104 S.Ct. 900, 906, 79 L.Ed.2d

67 (1984). For purposes of the Eleventh Amendment, a suit against an official in his or her

official capacity is a suit against that official's office and "is no different from a suit against the

State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Eaglesmith v. Ward,

73 F.3d 857, 860 (9th Cir.1995).

**D.**    <u>Legal Standards</u>

             **1.**      Retaliation

        California Labor Code section 6310 prohibits an employer from terminating an employee

because he "made a bona fide oral or written complaint to . . .[a government agency] . . . of

1  unsafe working conditions." Cal. Lab. Code § 6310(b).  Any employee who believes that he was

2  discharged by his employer for such a complaint may file a complaint with the Labor

3  Commissioner pursuant to Labor Code section 98.7.  Cal. Lab. Code § 6312.  Labor Code section

4  98.7 provides:  "Any person who believes that he or she has been discharged or otherwise

5  discriminated against in violation of any law under the jurisdiction of the Labor Commissioner

6  may file a complaint with the division within six months after the occurrence of the violation."

7  Cal. Lab. Code § 98.7.  In order to bring a claim under section 6310 in this Court, a plaintiff must

8  exhaust his administrative remedies under Labor Code section 98.7.  Ramirez v. County of

9  Marin, 2011 WL 5080145, *8 (N.D. Cal. Oct. 25, 2011); Lund v. Leprino Foods Co., 2007 WL

10  1775474, *4 (E.D. Cal. 2007).

11       Here, Plaintiff has not alleged any facts showing: (1) that he was terminated because of a

12  complaint of unsafe working conditions; (2) that he was subjected to unsafe or unlawful working

13  conditions; or (3) that he exhausted his administrative remedies.

14                2.         California Whistleblower Protection Act

15       Plaintiff references whistleblower protection.  California Labor Code section 1102.5 is a

16  "whistle-blower" protection statute.  The subsection that appears relevant to this case states: "An

17  employer may not retaliate against an employee for disclosing information to a government or

18  law enforcement agency, where the employee has reasonable cause to believe that the

19  information discloses a violation of state or federal statute, or a violation or noncompliance with

20  a state or federal rule or regulation."  Cal. Lab. Code § 1102.5.

21       In order to bring a claim under this subsection, Plaintiff must allege that he exhausted his

22  administrative remedy under Labor Code section 98.7 before bringing a whistleblower claim in

23  this Court.  Toth v. Guardian Industries Corp., 2012 WL 1076213, *3-5 (E.D. Cal. Mar. 29,

24  2012) (plaintiff must exhaust administrative remedies prior to bringing a section 1102.5 claim);

25  Ferretti v. Pfizer Inc., 2012 WL 694513, *5 (N.D. Cal. Feb. 29, 2012) (plaintiff required to

26  exhaust administrative remedy under section § 98.7 before filing section 1102.5 claim in federal

27  court).

28

Here, it is unclear whether Plaintiff complained of his discharge, as opposed to safety conditions, to the Labor Commissioner.  Plaintiff also has failed to allege that he exhausted his administrative remedies.

      3.     Wrongful Termination in Violation of Public Policy

Plaintiff may be seeking to allege wrongful termination after reporting unsafe working conditions to state authorities.  Wrongful termination in violation of public policy is a California common law cause of action providing that "when an employer's discharge of an employee violated fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." Tameny v. Atl. Richfield Co., 27 Cal.3d 167, 170, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980).  The "public policy" sufficient to support a wrongful termination claim must be "(1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of discharge; and (4) substantial and fundamental." City of Moorpark v. Superior Court, 18 Cal.4th 1143, 1159, 77 Cal.Rptr. 2d 445, 959 P.2d 752, 762 (1998) (internal quotation omitted).  A claim for violation of California Labor Code § 6310 or California Labor Code § 1102.5 can support a common law cause of action for wrongful termination in violation of public policy. Ferretti, 2012 WL 694513 at *6 and *11.  A common law wrongful termination in violation of public policy is not subject to the exhaustion requirement.  Toth, 2012 WL 1076213 at *7 (citing Stevenson v. Superior Ct., 16 Cal.4th 880, 905, 66 Cal.Rptr.2d 888, 941 P.2d 1157 (1997)).

As discussed above, Plaintiff has not alleged an underlying violation of California Labor Code sections 6310 or 1102.5 to support a common law wrongful termination claim.

      E.     <u>Conclusion</u>

Based on the above, Plaintiffs' complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff should only amend those claims that he believes, given the above standards, are cognizable.  In amending his complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make their amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supercedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Plaintiff may file an amended complaint within **thirty (30) days** of the date of service of this order.  Plaintiff's complaint should be clearly titled, "First Amended Complaint," and should refer to the case number assigned to this action.  It must contain a short and plain statement of his claims and must clearly set forth the causes of action alleged against each Defendant.

If Plaintiff does not file an amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:    **June 19, 2012**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE